

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 13, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-642

Re: For the purpose of protecting
the State in the collection
by the Assessor-Collector of
certain inheritance taxes,
automobile registration fees,
beer license fees and occupa-
tion taxes, is the Comptroller
authorized, under Article
7248, R.C.S., to require an
additional or separate bond,
and if so, in what amount.

The answer to the above inquiry, submitted in your letter
of April 13, 1939, turns upon a construction of Article 7247,
Revised Civil Statutes, as amended by Acts 1933, 43rd Legislature,
page 598, Chapter 197, and Article 7248, Revised Civil Statutes,
as amended, Acts 1933, 43rd Legislature, p. 598, Chapter 197,
which statutes we quote as follows:

"Art. 7247. Each assessor and collector of taxes,
within twenty (20) days after he shall have received notice
of his election or appointment, and before entering upon
the duties of his office, shall give bond based upon
unincumbered real estate of the sureties, subject to
execution, payable to the Governor and his successors in
office, in a sum which shall be equal to ten per cent
(10%) of the whole amount of the State Tax of the County
as shown by the last preceding assessment, provided said
bond shall not exceed Fifty Thousand Dollars ($50,000.00),
with at least three (3) good and sufficient sureties, to
be approved by the Commissioners Court of his county,

which shall be further subject to the approval of the
Comptroller, and is official oath together with said
bonds shall be recorded in the office of the County Clerk
of said County, and be forwarded by the County Judge of
the county to the Comptroller, to be deposited in his
office. Said bond shall be conditioned for the faithful
performance of the duties of his office as assessor
and collector of taxes for and during the full term
for which he was elected or appointed. In the event
the bonds required in this Article are executed by a
satisfactory surety company or companies or by any pri-
vate parties, as surety or sureties thereon in counties
with a total taxable valuation of Thirty Million Dollars
($30,000.000.00) or more, the county of which the prin-
cipal in said bond or bonds is assessor and collector
of taxes shall pay a reasonable amount as premium
on said bond or bonds, which amount shall be paid out of
the General Revenue of the county upon presentation of
the bill therefor to the Commissioners Court of the
county properly authenticated as required by law in
other claims against the county. If there be any con-
troversy as to the reasonableness of the amount claimed,
as such premium, such controversy may be determined by
any Court of competent jurisdiction.

"Whenever the assessor and collector of taxes of
any county is required to give a separate bond to cover
district taxes collected by him, such bond shall be
approved by the governing board, or commission, of such
districts, and the premium on same shall be paid out of
first collections for such districts."

"Art. 7248. The assessor and collector of taxes may
be required to furnish a new bond or additional security
whenever, in the opinion of the Commissioners Court or the
Comptroller, it may be advisable. Should any assessor and
collector of taxes fail to give a new bond and additional
security when required, he shall be suspended from office by
the Commissioners Court of his county, and immediately
thereafter be removed from office in the mode prescribed
by law."

You point out that, pursuant to Article 7247, Revised
Civil Statutes, as amended, the Tax Assessor-Collector has been
required to make a bond payable to the State of Texas, through
its Governor, in the amount of ten per cent of the state ad valorem

end poll taxes charged on the 1938 tax roll, to cover this official's term beginning January 1, 1939. Inasmuch as the amount of such bond is not computed upon certain occupation taxes and license fees collected by this official, and because there are no bond requirements in connection with the collection of such taxes and fees, you ask if you have lawful authority under the general terms of Article 7248, as amended, Revised Civil Statutes, to require a new or additional bond in such amount as will adequately protect the State and the public interest in the collection of these excise taxes and license fees.

The coverage and obligation of the Tax Assessor-Collector's bond under Article 7247, as amended, Revised Civil Statutes, should first be determined. The constitutional duty of the office of assessor-collector of taxes, created by amendment of our Constitution, November 8, 1932, is that of performing "all the duties with respect to assessing property for the purpose of taxation and of collecting such taxes as may be prescribed by the Legislature." Section 14, Article 8, Constitution of Texas. The condition of the assessor-collector's bond is specifically fixed in said Article 7247, Revised Civil Statutes, as follows: "Said bond shall be conditioned for the faithful performance of the duties of his office as assessor and collector of taxes for and during the full term for which he was elected or appointed."

The obligation or extent of liability under official tax collector's bonds, conditioned as above, may be thus generally stated: If the bond is general in its terms it will apply to all kinds of taxes lawfully intrusted to the officer for collection, while if it applies by its terms only to a certain kind or kinds of taxes it does not cover the collection of other taxes. It all depends on the terms of the bonds. Where a collector's bond is in general terms, and conditioned for the faithful performance of his duties, or for the payment of all moneys collected by him, if by subsequent legislation new taxes are provided for, the collection of which is submitted to the collector, his sureties are liable in respect to such taxes to the same extent as if they had been provided for before the bond was given. Cooley on Taxation, Vol. 3, Section 1371; State of Texas vs. Middleton's Sureties, 57 Tex. 185; Swan vs. The State of Texas, 48 Tex. 120.

The office of tax assessor-collector is, under law, charged with the duty of collecting and paying over to the proper state authorities, certain inheritance taxes, automobile registration fees, beer license fees, and occupation taxes. The constitutional and statutory duties of this office comprehend the collection of the

State's portion of these taxes as well as ad valorem and poll taxes. Therefore, it must follow that the official bond of a tax assessor-collector, executed in favor of the State, and conditioned for the faithful performance of the duties of the office of assessor-collector of taxes, would cover and insure the due payment to the state of all moneys and revenues lawfully collected by a tax assessor-collector, and would not be limited, in its coverage, to ad valorem taxes and poll taxes. Nor does the fact that Article 7247, as amended, Revised Civil Statutes, 1925, fixes the amount of such bond at ten per cent of the whole amount of the State ad valorem and poll tax of a given county, as shown by the last preceding assessment, militate against this conclusion. This is merely a mode fixed by the Legislature for arriving at the penal amount of the assessor-collector's bond originally required to be filed, and is not intended to limit the statutory condition imported into said bond.

With reference to your authority under Article 7248, as amended, Revised Civil Statutes, to require a separate or additional bond, in such amount and with such sureties as is deemed necessary to cover the collection and payment to the State of these license fees and excise taxes in addition to ad valorem and poll taxes, it is our opinion that you may make such requirements regarding the number and responsibility of sureties as your official discretion, exercised in the public interest, might dictate, but may not lawfully require the execution and filing by a tax assessor-collector of a bond in excess of the amount fixed by Article 7247, as amended, Revised Civil Statutes.

We have not arrived at this conclusion without difficulty because there is an apparent contradiction and inconsistency between Article 7247, as amended, Revised Civil Statutes, fixing the maximum amount of an assessor-collector's bond at $50,000.00, and Article 7248, as amended, Revised Civil Statutes, providing that "the assessor-collector of taxes may be required to furnish a new bond or additional security whenever, in the opinion of the Commissioners Court or the Comptroller, it may be advisable." Recognizing our duty, under established canons of statutory construction, to construe articles which are in pari materia, so as to arrive at a harmonious result, we are constrained to hold that your authority and duty under Article 7248, as amended, Revised Civil Statutes, is limited to requiring a new bond when sureties on the original bond die, become insolvent, or wish to be relieved from their obligation, or to requiring additional sureties upon the original bond in such contingencies, but you have no discretion in changing

or fixing the amount of such new or additional bond. This is controlled by the mandatory provisions of Article 7247, Revised Civil Statutes. 61 Corpus Juris 1031; Steusoff vs. Liberty Co., 34 S. W. (2d) 643; Lane v. Garfield, 13 A 800; Hulbert Special School District v. Cooper, 20 S. W. (2d) 322.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN